UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ANTHONY HATCHES,

                Plaintiff,

      - against -

SERGEANT T. CIPOLLINI, C.O. L. NICHOLS
C.O. PRESTON, C.O. N. WALKER and
C.O. HERNANDEZ,

                Defendants.
-----------------------------------------------------------------X

COMPLAINT AND
JURY TRIAL DEMAND

      Plaintiff, ANTHONY HATCHES, by his attorney, ALAN D. LEVINE, ESQ., complaining of the defendants herein, respectfully alleges as follows:

## JURISDICTION

      1.    This is a civil action, seeking compensatory damages, punitive damages and attorney's fees.

      2.    This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the eighth and fourteenth amendments to the Constitution of the United States.

      3.    Jurisdiction is founded upon 28 U.S.C. §§1331 and 1343.

## VENUE

      4.    Venue is properly alleged in the Southern District of New York in that the acts complained of herein occurred within this District.

## JURY TRIAL DEMAND

      5.    Plaintiff hereby demands a trial by jury of all issues in this action that are so triable.

## **PARTIES**

6.   At all times relevant hereto, plaintiff, ANTHONY HATCHES, was and is a natural person, presently resident in the County of Queens, City and State of New York.

7.   At all times relevant hereto, defendant SERGEANT T. CIPOLLINI, (hereinafter "CIPOLLINI") was and is a natural person, employed as a sergeant by the New York State Department of Corrections and Community Supervision and was assigned to Downstate Correctional Facility.

8.   At all times relevant hereto, defendant C.O. L. NICHOLS (hereinafter "NICHOLS") was and is a natural person, employed as a correction officer by the New York State Department of Corrections and Community Supervision and was assigned to Downstate Correctional Facility.

9.   At all times relevant hereto, defendant C.O. PRESTON (hereinafter "PRESTON") was and is a natural person, employed as a correction officer by the New York State Department of Corrections and Community Supervision and was assigned to Downstate Correctional Facility.

10.   At all times relevant hereto, defendant C.O. N. WALKER (hereinafter "WALKER") was and is a natural person, employed as a correction officer by the New York State Department of Corrections and Community Supervision and was assigned to Downstate Correctional Facility.

11.   At all times relevant hereto, defendant C.O. HERNANDEZ (hereinafter "HERNANDEZ") was and is a natural person, employed as a correction officer by the New York State Department of Corrections and Community Supervision and was assigned to Downstate Correctional Facility.

12.   The individual defendants are sued in their individual capacities.

## FACTS

13. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" though "12" hereinabove, as if more fully set forth at length herein.

14. On or about August 13, 2014, plaintiff was an inmate at the Downstate Correctional Facility, which is located in the Town of Fishkill, County of Dutchess, State of New York.

15. At the aforementioned time, plaintiff was housed in Cell 19 of Unit F in Complex 3 of the aforementioned prison.

16. Plaintiff had first arrived at Downstate Correctional Facility on August 11, 2014.

17. At the time plaintiff arrived at the prison, he was suffering from a pre-existing injury to his right shoulder.

18. On August 13, 2014, at approximately 10:00 A.M., plaintiff requested that he be taken to the prison's infirmary for examination and treatment of his right shoulder.

19. Defendant WALKER told plaintiff that she would arrange for plaintiff to be taken to the infirmary.

20. Defendant WALKER opened plaintiff's cell.

21. Defendant HERNANDEZ escorted plaintiff to the infirmary.

22. At the infirmary, Nurse Nguyen informed defendant HERNANDEZ that plaintiff was to be put on medical keep-lock for three days.

23. Defendant HERNANDEZ escorted plaintiff back to his housing unit.

24. Once back at his housing unit, plaintiff asked defendant WALKER if he could speak to the sergeant.

25. Defendant WALKER told plaintiff that he could see the sergeant, then locked down the other inmates in the gallery and told plaintiff to stand in front of the "bubble."

26. Plaintiff complied with defendant WALKER's instruction.

27. Approximately five minutes later, defendants CIPOLLINI, NICHOLS and PRESTON arrived at the location where plaintiff was standing.

28. Defendant CIPOLLINI instructed defendant NICHOLS to handcuff plaintiff.

29. Defendant NICHOLS placed handcuffs on plaintiff.

30. Plaintiff was now rear-cuffed.

31. Plaintiff was instructed to turn around and face defendant CIPOLLINI.

32. Defendant CIPOLLINI slapped plaintiff, hard, on the left side of his face.

33. Defendant NICHOLS grabbed plaintiff.

34. Defendant CIPOLLINI told defendant NICHOLS to punch plaintiff in his face.

35. Defendant NICHOLS complied with defendant CIPOLLINI's order, punching plaintiff in the face, thus causing him to fall to the floor.

36. Defendant NICHOLS jumped onto plaintiff's back and held him in a headlock before rolling him over onto his back.

37. Defendant CIPOLLINI stomped on plaintiff's abdomen and legs while screaming at plaintiff, "Shut up. Who told you to tell this officer to call me down here for this bullshit?"

38. While plaintiff was being beaten as aforementioned, defendant PRESTON acted as a lookout while defendants WALKER and HERNANDEZ stood by and watched.

39. Neither defendant WALKER nor defendant HERNANDEZ made any attempt whatsoever to intervene so as to stop the aforementioned beating of plaintiff.

40. Defendant CIPOLLINI ordered defendant NICHOLS to pick plaintiff up.

41. Defendants NICHOLS and PRESTON dragged plaintiff out of the gallery.

42. As defendant PRESTON was taking plaintiff through the door leading out of the gallery, one of the defendants, upon information and belief defendant CIPOLLINI, struck plaintiff hard on his head, behind his right ear, with either the wooden baton or the radio that plaintiff had observed in his possession.

43. Plaintiff was taken to the infirmary, where he had to wait twenty minutes to be seen for treatment of his injuries.

44. While he was waiting to be treated in the infirmary, plaintiff heard defendant PRESTON say, "Make sure you tell the IG I had nothing to do with this."

45. Once he was examined, plaintiff was sent to the Special Housing Unit (SHU) for approximately forty-five minutes.

46. While in the SHU, plaintiff complained to another correction officer about the injuries that had been inflicted to his head, which resulted in his being taken to Putnam Hospital in Carmel, New York.

47. At the aforementioned hospital, plaintiff was diagnosed as suffering from blunt head trauma, laceration of his lip, and multiple contusions.

48. Plaintiff was falsely and maliciously charged on the complaint of one or more of the individual defendants with having committed an assault on staff.

49. Plaintiff was found guilty of having committed the assault on staff.

50. As a result of the finding of guilty, plaintiff spent four and one-half months in solitary confinement and received a higher prisoner classification.

51. Plaintiff appealed the verdict of the disciplinary hearing and was granted a rehearing.

52. At the rehearing, the finding that plaintiff had committed an assault on staff was reversed.

53. As a result of the aforementioned beating, plaintiff has suffered permanent injuries, including, but not limited to, a loss of hearing and tinnitus in his right ear.

## AS AND FOR A FIRST CAUSE OF ACTION
## AGAINST DEFENDANTS CIPOLLINI, NICHOLS and PRESTON
### (42 U.S.C. §1983)

54. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "53" hereinabove as if more fully set forth at length herein.

55. Defendants CIPOLLINI, NICHOLS and PRESTON, acting under color of state law, violated plaintiff's right to be free from cruel and unusual punishments, guaranteed to him by the eighth amendment to the Constitution of the United States in that they, without any cause or justification whatsoever, intentionally, maliciously and sadistically physically assaulted him with such severity as to cause him severe and permanent injury, which has necessitated, and will continue to necessitate, medical treatment.

56. As a result of the aforementioned violations of plaintiff's right to be free from cruel and unusual punishments, by defendants CIPOLLINI, NICHOLS and PRESTON, while they were acting under color of state law, plaintiff has been damaged in an amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendants CIPOLLINI, NICHOLS and PRESTON.

## AS AND FOR A SECOND CAUSE OF ACTION
## <u>AGAINST DEFENDANTS WALKER and HERNANDEZ</u>
## (42 U.S.C. §1983)

57. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "56" hereinabove as if more fully set forth at length herein.

58. Defendants WALKER and HERNANDEZ, acting under color of state law, violated plaintiff's right to be free from cruel and unusual punishments, guaranteed to him by the eighth amendment to the Constitution of the United States in that they, without any cause or justification whatsoever, purposefully failed to intervene to prevent the attack on plaintiff perpetrated and committed by defendants CIPOLLINI, NICHOLS and PRESTON, thereby maliciously and intentionally exposing plaintiff to a substantial risk of serious harm and exhibiting deliberate indifference to plaintiff's safety.

59. As a result of the aforementioned violations of plaintiff's right to be free from cruel and unusual punishments, by defendants WALKER and HERANDEZ, while they were acting under color of state law, plaintiff has been damaged in an amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendants WALKER and HERNANDEZ.

## AS AND FOR A THIRD CAUSE OF ACTION
## <u>AGAINST ALL DEFENDANTS</u>
## (42 U.S.C. §1983)

60. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "59" hereinabove as if more fully set forth at length herein.

61. Defendants, acting under color of state law, violated plaintiff's right to a fair trial, guaranteed to him by the fourteenth amendment to the Constitution of the United

States, in that they maliciously and intentionally prepared and submitted false charges against him and testified falsely at plaintiff's Tier 3 hearing, all resulting in his being found guilty and being placed in solitary confinement and being deprived of packages, telephone calls and commissary while he was in solitary confinement.

62. As a result of the aforementioned violation of plaintiff's right to a fair trial by the defendants, while they were acting under color of state law, plaintiff has been damaged in an amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against the defendants.

WHEREFORE, plaintiff, ANTHONY HATCHES, demands judgment against defendants, SERGEANT T. CIPOLLINI, C.O. L. NICHOLS, C.O. PRESTON, C.O. N. WALKER and C.O. HERNANDEZ, as follows:

FIRST CAUSE OF ACTION: An amount sufficient to compensate the plaintiff for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against the defendants CIPOLLINI, NICHOLS and PRESTON;

SECOND CAUSE OF ACTION: An amount sufficient to compensate the plaintiff for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendants WALKER and HERNANDEZ; and

THIRD CAUSE OF ACTION: An amount sufficient to compensate the plaintiff for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against all defendants.

In addition, plaintiff demands the costs and disbursements of this action, including his attorney's fees, pursuant to 42 U.S.C. §1988.

Dated: Kew Gardens, New York
      August 10, 2017

*/s/ Alan D. Levine*

ALAN D. LEVINE, ESQ.
Attorney for Plaintiff
80-02 Kew Gardens Road, Suite 307
Kew Gardens, New York 11415
(718) 793-6363
Our File No. 2388