UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

ANTHONY HATCHES,

                              Plaintiff,

                                                  17 CV 6053 (VLB)

   - against -

SGT. CIPPOLLINI; C.O NICHOLS; C.O. PRESTON;
C.O. WALKER; C.O. HERNANDEZ;

                              Defendants.

------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' PARTIAL MOTION TO DISMISS THE COMPLAINT

                                          ERIC T. SCHNEIDERMAN
                                          Attorney General of the State of New York
                                          <u>Attorney for Defendants</u>
                                          44 South Broadway
                                          White Plains, New York 10601
                                          (914) 422-8748

Jennifer Gashi
Assistant Attorney General
   *Of Counsel*

# TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| Table of Authorities | | ii |
| PRELIMINARY STATEMENT | | 1 |
| STANDARD OF REVIEW | | 1 |
| FACTS | | 2 |
| ARGUMENT | | 4 |
| POINT I | PLAINTIFF FAILS TO STATE A DUE PROCESS CLAIM | 4 |
| POINT II | DEFENDANTS ARE NOT ALLEGED TO HAVE BEEN PERSONALLY INVOLVED IN ANY DUE PROCESS DEPRIVATIONS | 5 |
| POINT III | THE COMLAINT VIOLATES RULE 8 AS IT IS TOO VAGUE | 6 |
| CONCLUSION | | 7 |

# TABLE OF AUTHORITIES

| Case | Page(s) |
|---|---|
| Ashcroft v. Iqbal, 556 U.S. 662 (2009) | 1, 2, 5, 6 |
| Ayers v. Coughlin, 780 F.2d 205 (2d Cir. 1985) | 6 |
| Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) | 1 |
| Boddie v. Schnieder, 105 F.3d 857 (2d Cir. 1997) | 5 |
| Farrell v. Burke, 449 F.3d 470 (2d Cir. 2006) | 6 |
| Franco v. Kelly, 854 F.2d 584 (2d Cir. 1988) | 5 |
| Freeman v. Rideout, 808 F.2d 949 (2d Cir. 1986) | 5 |
| Gatson v. Coughlin, 249 F.3d 156 (2d Cir. 2001) | 4 |
| Grullon v. City of New Haven, 720 F.3d 133 (2d Cir. 2013) | 5 |
| Harris v. Mills, 572 F.3d 66 (2d Cir. 2009) | 2 |
| Hayden v. Paterson, 594 F.3d 150 (2d Cir. 2010) | 2 |
| In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation, 233 F.R.D. 133 (S.D.N.Y. 2005) | 7 |
| Shakur v. Selsky, 391 F.3d 106 (2d Cir. 2004) | 4 |
| Shyshko v. County of Monroe, 2007 U.S. Dist. LEXIS 50554 (W.D.N.Y. July 9, 2007) | 7 |

Sira v. Morton,
    380 F.3d 57 (2d Cir. 2004)............................................................................................4

Superintendent v. Hill,
    472 U.S. 445 (1985)....................................................................................................4

Swierkiewicz v. Sorema N.A.,
    534 U.S. 506 (2002)....................................................................................................7

Williams v. Menifee,
    331 Fed.Appx 59 (2d Cir. 2009)................................................................................ 4

Wolff v. McDonnell,
    418 U.S. 539 (1974)....................................................................................................4

**United States Constitution**

Eighth Amendment .............................................................................................1,2,3,7

Fourteenth Amendment ....................................................................................1,3,4,5,7

**Federal Statutes**

42 U.S.C. § 1983..................................................................................................1, 7

**Federal Rules**

Fed. R. Civ. P. 8..................................................................................................1, 6,7

Fed. R. Civ. P. 12(b)(6).......................................................................................1, 8

Fed. R. Civ. P. 12(e).................................................................................6,7

# PRELIMINARY STATEMENT

Defendants Sgt. Cipollini, C.O. Nichols, C.O. Preston, C.O. Walker and C.O. Hernandez, employees of the New York State Department of Corrections and Community Supervision ("DOCCS"), by their attorney, Eric T. Schneiderman, Attorney General of the State of New York, respectfully submit this memorandum of law in support of their Partial Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6).[1]

Plaintiff, an inmate in DOCCS custody, alleges that he was subjected to a use of excessive force on August 13, 2014, while at Downstate Correctional Facility ("Downstate"), in violation of his Eighth Amendment rights and thereafter deprived of his rights to due process during his disciplinary hearing. Plaintiff's complaint is devoid of any factual allegations that any defendant was involved in the alleged due process violation, or in what way he was denied due process. Plaintiff's Fourteenth Amendment denial of due process claim is meritless as there are no allegations that his disciplinary hearing was procedurally defective or that any defendant was personally involved.

At a minimum, plaintiff should be directed to provide more details about the alleged involvement of each individual defendant and the nature of the due process violations.

# STANDARD OF REVIEW

The standard of review for a motion to dismiss under Fed. R. Civ. P. 12(b)(6), for failure to state a claim, is well settled. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S.

---

[1] In this motion, defendants are not moving for dismissal of the plaintiff's first cause of action for Eighth Amendment excessive use of force against defendants Sgt. Cipollini, C.O. Nichols, and C.O. Preston. Defendants are also not moving for dismissal of the plaintiff's second cause of action for failure to intervene against defendants C.O. Walker and C.O. Hernandez. Defendants only seek dismissal of the third cause of action, for violation of due process, in it's entirety.

544, 570 (2007)). In evaluating the sufficiency of a complaint "[a] court 'can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.'" Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010) (quoting Iqbal, 556 U.S. at 679). "At the second step, a court should determine whether the 'well-pleaded factual allegations,' assumed to be true, 'plausibly give rise to an entitlement to relief.'" Hayden, 594 F.3d at 161 (citing Iqbal, 556 U.S. at 679); accord Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (internal quotations omitted). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal quotations omitted).

## FACTS

Plaintiff, Anthony Hatches, alleges that he was involved in an excessive use of force on August 13, 2014, while an inmate at Downstate Correctional Facility. See (annexed to the Gashi Memorandum of Law as Exhibit A), Dkt. No. 1, ¶¶ 18, 32-42.[2] The incident allegedly began after plaintiff went to the infirmary due to a preexisting injury to his right shoulder. Id., ¶ 18. Plaintiff alleges that Nurse Nguyen put plaintiff on medical keep-lock for three days. Id., ¶ 22. C.O. Walker and C.O. Hernandez escorted plaintiff back to his cell at which time he asked to speak with a Sargent. Id., ¶ 24. Plaintiff claims that approximately five minutes later defendants Sgt. Cipollini, C.O. Nichols, and C.O. Preston arrived. Id., ¶ 27. Plaintiff's hands were placed

---

[2] The factual allegations are taken as if true, solely for purposes of this motion. Defendants dispute the factual accuracy of plaintiff's claims

2

behind his back and he was handcuffed. Id., ¶ 30. Plaintiff then alleges that Sgt. Cipollini slapped him in the face and instructed C.O. Nichols to punch him. Id., ¶¶ 32-34. Plaintiff claims that C.O. Nichols then punched him causing him to fall to the ground. Id., ¶ 34. Plaintiff states that while he was on the ground Sgt. Cipollini stomped on his abdomen and legs while C.O. Preston acted as a lookout. Id., ¶ 28. Plaintiff further alleges that C.O. Walker and C.O. Hernandez also were present and failed to intervene. Id., ¶ 39. Plaintiff states that C.O. Preston was removing him from the gallery when Sgt. Cipollini struck him one additional time in the back of his head with an object. Id., ¶ 42.

Plaintiff was issued a misbehavior report for assaulting the staff, and other charges, and thereafter sent to the Special Housing Unit ("SHU"). Id., ¶ 48. He was found guilty of assaulting the staff and sentenced to four and a half months in SHU. Id., ¶ 50. Plaintiff appealed the verdict of the disciplinary hearing and was granted a rehearing at which time the finding that plaintiff had committed an assault on the staff was reversed. Id., ¶¶ 51-52.

Plaintiff filed the instant claim alleging that Sgt. Cipollini, C.O. Nichols, and C.O. Preston subjected him to an excessive use of force in violation of his Eighth Amendment right to be free from cruel and unusual punishment. Id., ¶ 55. Plaintiff also claims that C.O. Walker and C.O. Hernandez were present during the alleged excessive use of force and failed to intervene on his behalf. Id., ¶ 58. The third, and final, claim made by plaintiff is that all of the named defendants deprived him of his right to due process. Id., ¶ 60.

# ARGUMENT

## POINT I

## PLAINTIFF FAILS TO STATE A DUE PROCESS CLAIM

The due process requirements of prison disciplinary hearing have been summarized by the Second Circuit.

> The due process protections afforded a prison inmate do not equate to the "full panoply of rights due to a defendant in a criminal prosecution. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Notably, there is no right to counsel or to confrontation at prison disciplinary hearings. See id. at 567-70, 94 S.Ct. 2963. Nevertheless, an inmate is entitled to advance written notice of the charges against him; a hearing affording him a reasonable opportunity to call witnesses and present documentary evidence; a fair and impartial hearing officer, and a written statement of the disposition; including the evidence relied upon and the reasons for the disciplinary actions taken.

Sira v. Morton, 380 F.3d 57, 69 (2d Cir. 2004) (emphasis added).

There further need only be "some evidence" in the record to support a finding of guilt, and

> [a]scertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

Gatson v. Coughlin, 249 F.3d 156, 163 (2d Cir. 2001) (emphasis in the original) (quoting Superintendent v. Hill, 472 U.S. 445, 455-56 (1985)).

"[I]n the context of such proceedings, the only process due an inmate is that minimal process guaranteed by the Constitution, as outlined in Wolff." Williams v. Menifee, 331 Fed.Appx 59, 60 (2d Cir. 2009) (emphasis in original) (quoting Shakur v. Selsky, 391 F.3d 106, 119 (2d Cir. 2004)).

Plaintiff fails to articulate any liberty interest that he was deprived of by any of the named defendants. As evidenced by plaintiff's own submission to the Court, plaintiff had advanced

written notice of the charges against him, a full disciplinary hearing wherein he was afforded a reasonable opportunity to call witnesses, appealed the verdict of the disciplinary hearing and was granted a rehearing after which one of the charges he had initially been found guilty of was reversed. See Exhibit A, Dkt. No. 1, ¶¶ 48-52.

Plaintiff alleges that his due process rights were violated because he "was falsely and maliciously charged on the complaint of one or more of the individual defendants with having committed an assault on staff." See Exhibit A, Dkt. No. 1, ¶ 48. This allegation is insufficient to state a due process claim. Inmates have no guaranteed immunity from being falsely accused of conduct that may result in the deprivation of a protected liberty interest. Freeman v. Rideout, 808 F.2d 949, 950 (2d Cir. 1986). Accord, e.g., Boddie v. Schnieder, 105 F.3d 857, 862 (2d Cir. 1997). Plaintiff neither alleges there were any procedural irregularities at his disciplinary hearing on these charges, nor that any of the defendants were responsible for defects at the disciplinary hearing. Because plaintiff was afforded "a hearing and an opportunity to be heard, the filing of unfounded charges does not give rise to a constitutional violation actionable under section 1983." Franco v. Kelly, 854 F.2d 584, 587 (2d Cir. 1988) (quoting Freeman, 808 F. 2d at 953).

## POINT II

### DEFENDANTS ARE NOT ALLEGED TO HAVE BEEN PERSONALLY INVOLVED IN ANY DUE PROCESS DEPRIVATIONS

Plaintiff does not allege sufficient facts to establish that any of the named defendants were was personally involved in the alleged due process violations. It is settled law that "in order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show, inter alia, the defendant's personal involvement in the alleged constitutional deprivation." Grullon v. City of New Haven, 720 F.3d 133, 138-139 (2d Cir. 2013). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the

Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). In the context of a prisoner's lawsuit, a plaintiff must show "more than the linkage in the prison chain of command" to state a claim against a supervisory defendant. Ayers v. Coughlin, 780 F.2d 205, 210 (2d Cir. 1985).

In the instant case, plaintiff's complaint is completely devoid of any facts that would suggest any of the defendants were personally involved in the alleged due process deprivations. See Exhibit A, Dkt. No. 1, generally. Nowhere in the complaint does plaintiff make any factual allegations concerning the disciplinary hearing nor does he state with any specificity the personal involvement of any defendant in the hearing. See generally Iqbal, 556 U.S. at 676; see also Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006). This is insufficient to establish the defendant's personal involvement in any alleged due process violation, and plaintiff's due process claims against the defendants should be dismissed.

## POINT III

## THE COMPLAINT VIOLATES RULE 8 AS IT IS TOO VAGUE

In the alternative, plaintiff should be directed to provide more details about the alleged involvement of each individual defendant and the nature of the due process violations. Federal Rules of Civil Procedure Rule 8 and 12(e).

There are times when a complaint is too vague that formulating a responsive pleading is too difficult.

> Alternatively, defendants maintain that plaintiffs should be required to provide a more definite statement. As to that, FRCP 12(e) provides, in relevant part, that
>
>> [i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order

6

of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.

FRCP 12(e). A motion under Rule 12(e) should only be granted where "a pleading fails to specify the allegations in a manner that provides sufficient notice" of the party's claims. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 514, 122 S.Ct. 992, 998, 152 L. Ed. 2d 1 (2002). As with motions under Rule 8, motions under Rule 12(e) are not to be granted lightly:

> The essence of a complaint is to inform the defendant as to the general nature of the action and as to the incident out of which a cause of action arose. Rule 12(e) allows a party to move for a more definite statement if a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading. The Rule is designed to remedy unintelligible pleadings, not to correct for lack of detail. A motion pursuant to Rule 12(e) should not be granted unless the complaint is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it. Motions for a more definite statement are generally disfavored because of their dilatory effect. The preferred course is to encourage the use of discovery procedures to apprise the parties of the factual basis of the claims made in the pleadings.

See, In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation, 233 F.R.D. 133, 134 -135 (S.D.N.Y. 2005) (footnotes and internal quotation marks omitted).

Shyshko v. County of Monroe, 2007 U.S. Dist. LEXIS 50554, *5-7, 2007 WL 2042822 (W.D.N.Y. July 9, 2007).

In the matter before the Court the plaintiff's third claim cause of action is vague. For example, in the third cause of action, plaintiff names all the defendants, but makes no indication what, if anything, any of the defendants did with regards to plaintiff's disciplinary hearing. Plaintiff stated that he was "falsely and maliciously charged on the complaint of one or more of the individual defendants with having committed an assault on staff", Dkt. No. 1, ¶ 48, but never alleges one fact as to which defendant allegedly falsely charged him or in what manner he was denied due process at the subsequent

hearing. This claim is too vague to support a claim of a violation of due process, and if not dismissed, then plaintiff should be directed to provide a more specific statement which describes what each individual defendant is alleged to have done to support a due process violation.

## CONCLUSION

For the reasons set forth above, defendants respectfully request the partial dismissal of the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for plaintiff's failure to state a claim of due process and for lack of personal involvement of the defendants in any alleged due process violations. Defendants further request that defendants remaining in the case be granted thirty (30) days from the Court's decision on this motion to file an answer to the remaining claims.

Dated: White Plains, New York
November 17, 2017

Respectfully submitted,
ERIC T. SCHNEIDERMAN
Attorney General of the
 State of New York
Attorney for Defendants

By:

JENNIFER GASHI
Assistant Attorney General
44 South Broadway
White Plains, New York 10601
(914) 422-8748
Jennifer Gashi
Assistant Attorney General
 Of Counsel