UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
ANTHONY HATCHES,  :
              Plaintiff,  :
  :
v.  :  **MEMORANDUM OPINION**
  :  **AND ORDER**
SERGEANT T. CIPOLLINI; C.O. L. NICHOLS;  :
C.O. PRESTON; C.O. N. WALKER; and C.O.  :  17 CV 6053 (VB)
HERNANDEZ,  :
              Defendants.  :
--------------------------------------------------------------x

Briccetti, J.:

    Plaintiff Anthony Hatches brings this action pursuant to 42 U.S.C. § 1983 alleging claims of excessive force against defendants Sergeant ("Sgt.") T. Cipollini, Correction Officer ("C.O.") Nichols, and C.O. Preston; failure to intervene against defendants C.O. N. Walker and C.O. Hernandez; and violation of due process against defendants C.O. Nichols, C.O. Walker, and Sgt. Cipollini.

    Now pending is Sgt. Cipollini, C.O. Nichols, and C.O. Walker's partial motion to dismiss the amended complaint pursuant to Rule 12(b)(6). (Doc. #36).

    For the reasons set forth below, the motion is GRANTED.

    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## BACKGROUND

    For the purpose of ruling on the motion to dismiss, the Court accepts as true all well-pleaded factual allegations in the amended complaint, and draws all reasonable inferences in plaintiff's favor, as summarized below.

    On or about August 13, 2014, plaintiff was incarcerated at Downstate Correctional Facility. Plaintiff asked to be taken to the prison's infirmary for examination and treatment of a

pre-existing injury to his right shoulder. C.O. Walker and C.O. Hernandez escorted plaintiff to the infirmary, where a nurse informed plaintiff that he was to be put on medical keeplock for three days.

C.O. Hernandez escorted plaintiff back to his housing unit, where plaintiff asked C.O. Walker if he could speak to the sergeant. C.O. Walker locked down the other inmates in the gallery and told plaintiff to stand in front of the "bubble," a term that is not defined in the amended complaint. (Am. Compl. ¶ 25). Approximately five minutes later, Sgt. Cipollini, C.O. Nichols, and C.O. Preston arrived. Sgt. Cipollini instructed C.O. Nichols to handcuff plaintiff's hands behind his back. Sgt. Cipollini and C.O. Nichols then allegedly beat plaintiff while C.O. Preston acted as a lookout and C.O. Walker and C.O. Hernandez stood by and watched. While beating plaintiff, Sgt. Cipollini allegedly screamed, "Shut up. Who told you to tell this officer to call me down here for this bullshit?" (Id. ¶ 37).

Plaintiff was taken to the infirmary, examined, and then sent to the Special Housing Unit ("SHU") for approximately forty-five minutes. While in the SHU, plaintiff complained of injuries to his head, so he was taken to Putnam Hospital in Carmel, New York. Plaintiff was diagnosed with blunt head trauma, laceration of his lip, and multiple contusions. Plaintiff continues to suffer from a loss of hearing and tinnitus in his right ear.

Plaintiff also alleges he was subsequently falsely charged with and found guilty of having assaulted staff. As a result, plaintiff spent four and a half months in solitary confinement and received a "higher prisoner classification." (Am. Compl. ¶ 50). Plaintiff appealed the verdict of

the disciplinary hearing and was granted a rehearing, at which the finding that plaintiff had assaulted staff was reversed.[1]

## DISCUSSION

I. Standard of Review

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). First, plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss. Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

---

[1] The Court need not consider whether it is permitted to rely on the hearing disposition document defendants submitted as an exhibit to their reply brief, as the document is unnecessary to resolution of the instant motion.

II.     Due Process Claim

Defendants Sgt. Cipollini, C.O. Nichols, and C.O. Walker argue plaintiff fails to state a claim for violation of his due process rights because he alleges only that defendants filed false disciplinary charges and falsely testified at plaintiff's disciplinary hearing.

The Court agrees.

When an inmate's liberty interest is implicated, "[b]ecause '[p]rison disciplinary proceedings are not part of a criminal prosecution, . . . the full panoply of rights due a defendant in such proceedings does not apply.'" Williams v. Menifee, 331 F. App'x 59, 60 (2d Cir. 2009) (summary order) (quoting Wolff v. McDonnell, 418 U.S. 539, 556 (1974)) (alterations in original). The procedural due process afforded to a prisoner charged with a violation in a disciplinary proceeding consists of: "advance written notice of the charges against him; a hearing affording him a reasonable opportunity to call witnesses and present documentary evidence; a fair and impartial hearing officer; and a written statement of the disposition, including the evidence relied upon and the reasons for the disciplinary actions taken." Sira v. Morton, 380 F.3d 57, 69 (2d Cir. 2004). "[A] prison inmate has no general constitutional right to be free from being falsely accused in a misbehavior report." Boddie v. Schnieder, 105 F.3d 857, 862 (2d Cir. 1997) (citing Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986)). "There must be more, such as retaliation against the prisoner for exercising a constitutional right." Id. (citing Franco v. Kelly, 854 F.2d 584, 588–90 (2d Cir. 1988)). "This principle extends as well to false testimony by corrections personnel at prison disciplinary hearings." Thomas v. Calero, 824 F. Supp. 2d 488, 499 (S.D.N.Y. 2011) (adopting report and recommendation).

Plaintiff alleges C.O. Walker and C.O. Nichols "maliciously and intentionally prepared and submitted false disciplinary charges against plaintiff," and C.O. Walker, C.O. Nichols, and

4

Sgt. Cipollini falsely testified at plaintiff's disciplinary hearing. (Am. Compl. ¶ 61). However, plaintiff does not allege any defendant submitted false disciplinary charges against plaintiff or falsely testified against plaintiff because of his exercise of a constitutional right. Therefore, plaintiff fails sufficiently to allege a due process violation.

Accordingly, plaintiff's Section 1983 due process claim against Sgt. Cipollini, C.O. Nichols, and C.O. Walker is dismissed.

## CONCLUSION

The partial motion to dismiss is GRANTED.

All defendants shall file an answer by February 8, 2019.

The Clerk is instructed to terminate the motion. (Doc. #36).

Dated: January 25, 2019
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge