UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANTHONY HATCHES,

                          Plaintiff,

v.

SERGEANT T. CIPOLLINI; C.O. L. NICHOLS;
C.O. PRESTON; C.O. N. WALKER; and C.O.
HERNANDEZ,
                          Defendants.
------------------------------------------------------------X

**ORDER**

17-CV-06053 (PMH)

PHILIP M. HALPERN, United States District Judge:

Plaintiff Anthony Hatches brings this action pursuant to 42 U.S.C. § 1983 alleging claims against defendants Sergeant T. Cipollini, Correction Officer ("C.O.") Nichols, C.O. Preston, C.O. N. Walker, and C.O. Hernandez ("Defendants"). Plaintiff, presently proceeding *pro se*, seeks leave to proceed *in forma pauperis* and asks that the Court provide him with *pro bono* counsel. For the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* is DENIED as moot, and his motion for appointment of *pro bono* counsel is DENIED without prejudice to renewal.

Plaintiff commenced this action through counsel on August 10, 2017 by filing a complaint and paying the requisite filing fees. (Doc. 1). On November 21, 2017, Judge Briccetti *sua sponte* granted Plaintiff leave to file an Amended Complaint. (Doc. 16). After the Court granted a number of extension requests, on May 30, 2018, Plaintiff filed an Amended Complaint. (Doc. 33). On July 18, 2018, Defendants moved to partially dismiss the Amended Complaint (Doc. 36), which Judge Briccetti granted on January 25, 2019 (Doc. 40). On February 7, 2019, Defendants answered the Amended Complaint. (Docs. 42-46). The parties were scheduled to complete expert discovery by March 25, 2020 (Doc. 55); and on March 11, 2020, Defendants, in a pre-motion letter indicating

their intent to move for summary judgment, advised that they expected Plaintiff to seek an adjournment of the deadline to complete expert discovery to which they consented. (Doc. 56). On March 17, 2020, this action was assigned to me. On March 18, 2020, Plaintiff's counsel filed a letter opposing Defendants' pre-motion letter (Doc. 58); and on March 20, 2020, Plaintiff's counsel wrote requesting an extension of the deadlines to complete expert discovery on the grounds that as a result of the coronavirus pandemic, the doctor that Plaintiff intended to use as an expert was overwhelmed and a new expert would have to be retained. (Doc. 60). The Court granted a 60-day extension of the deadlines in light of the disruptions caused by the pandemic. (Doc. 61). The deadline to complete expert discovery was extended two more times, such that Plaintiff's expert report was due August 31, 2020 and Defendants' report was due September 30, 2020. (Docs. 65, 67). In a letter from Plaintiff's counsel dated July 24, 2020, counsel indicated that he had a schedule in place for an expert medical witness to test, examine, and prepare a report for, Plaintiff. (Doc. 66).

On August 11, 2020, Plaintiff's counsel moved to be relieved. Annexed to his affidavit was proof of service of the motion and supporting papers upon Plaintiff via certified mail, return receipt requested, and by first class mail. (Doc. 68). On August 12, 2020, the Court granted the motion to withdraw as counsel, and extended all deadlines in the case for 30 days to permit Plaintiff time to retain new counsel. (Doc. 69). Plaintiff's outgoing counsel filed an affidavit of service of the Court's Order on Plaintiff via certified mail, return receipt requested, and by first class mail. (Doc. 70). On September 17, 2020, Plaintiff filed a letter dated September 15, 2020 contending that counsel withdrew from the case without notifying him, seeking an extension of the deadlines in the case, and requesting that the Court "provide [him] with counsel." (Doc. 71 at 1). Annexed to Plaintiff's letter is an application for the Court to request *pro bono* counsel and an application to

2

proceed *in forma pauperis* ("IFP").

Unlike in criminal proceedings, in civil cases, the Court does not have the power to obligate attorneys to represent indigent *pro se* litigants in civil cases. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–310 (1989). Instead, pursuant to 28 U.S.C. § 1915(e)(l), the Court may, at its discretion, order that the *Pro Se* Office request an attorney to represent an indigent litigant by placing the matter on a list circulated to attorneys who are members of the Court's *pro bono* panel. *See Palacio v. City of New York*, 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007). The Second Circuit set forth the standards governing the appointment of counsel in *pro se* cases in *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989), and *Hodge v. Police Officers*, 802 F.2d 58, 60-62 (2d Cir. 1986). These cases direct the district courts to "first determine whether the indigent's position seems likely to be of substance," *Hodge*, 802 F.2d at 61, and then, if that threshold is met, to consider "secondary criteria," including the *pro se* litigant's "ability to obtain representation independently, and his ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." *Cooper*, 877 F.2d at 172; *accord Hendricks*, 114 F.3d at 392 (quoting *Hodge*, 802 F.2d at 61-62).

Plaintiff has not demonstrated that the appointment of *pro bono* counsel is warranted in this case at this time. Although Plaintiff arguably may lack the financial resources to retain private

counsel,[1] he has not met the other criteria relevant to an application for *pro bono* counsel. In particular, Plaintiff does not provide any information concerning his efforts to find counsel on his own nor does he explain why he cannot litigate the case without counsel. Rather, Plaintiff asserts that he has not had a chance to look for an attorney because he was not notified that his prior counsel sought to be relieved. (Doc. 71 at 3). Although his previous counsel provided proof of service of both his application to withdraw and this Court's Order granting same, which also extended the deadlines to exchange expert reports, the Court again extends the deadlines to exchange expert reports for an additional 30 days to permit Plaintiff additional time to retain new counsel. In addition, the Court is unable to determine that Plaintiff cannot handle this case without assistance, although this conclusion may change as the action continues. Therefore, because the Court does not find any circumstances which warrant the appointment of *pro bono* counsel at this time, Plaintiff's application must be denied without prejudice to renew it at a later stage in the proceedings. Plaintiff is advised, however, that even if a future application for *pro bono* counsel is granted, there are no funds to retain counsel in civil cases, the Court relies on volunteers, and there is no guarantee that a volunteer attorney would decide to take the case. Accordingly, Plaintiff would have to be prepared to proceed with the case without an attorney.

In addition, although Plaintiff has filed a motion to proceed IFP, that is, without prepaying fees or costs, the motion is moot. According to the docket sheet, the filing fees in this

---

[1] Although the Court denies Plaintiff's request for IFP status at this time as moot, the Court notes for any future application Plaintiff may make that 28 U.S.C. § 1915(a)(1) does not set financial guideposts; instead, the statute merely provides that IFP status may be granted when the court is satisfied "that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). It does not require a showing of absolute destitution to qualify for IFP status. *Eliacin v. Cty. of Broome, New York*, No. 09-CV-0438, 2009 WL 10721277, at *2 (N.D.N.Y. June 11, 2009). In his IFP application, Plaintiff indicates that he receives disability or workers' compensation payments as well as other public benefits, but states only that he receives $787 per month in SSI payments. (Doc. 71 at 5). Plaintiff does not identify a spouse or children who are dependent upon him for economic support, nor does he list any monthly expenses, debts, or other financial obligations. Based upon the information that Plaintiff has provided in this application, the Court would be unable to conclude that Plaintiff is indigent and thus entitled to IFP status.

action have already been paid. (*See* Dkt. Entry, dated Aug. 10, 2017). Therefore, Plaintiff's application to proceed IFP is denied as moot. *See Pierre v. Lieberman*, No. 16-CV-5473, 2017 WL 2574028, at *2 (S.D.N.Y. June 14, 2017).

Accordingly, for the foregoing reasons, Plaintiff's motion for leave to proceed IFP is DENIED as moot. Plaintiff's motion for appointment of *pro bono* counsel is DENIED without prejudice to renewal. The deadline to complete expert discovery is extended to December 18, 2020, with Plaintiff's expert report due October 30, 2020, and Defendants' expert report due November 30, 2020. A case management conference is scheduled for December 21, 2020 at 10:00 a.m. At the time of the scheduled conference, all parties shall call the following number: (888) 398-2342; access code 3456831. The Clerk of Court is directed to mail a copy of this Order to Plaintiff.

**SO ORDERED:**

Dated:   New York, New York
         September 22, 2020

_____
PHILIP M. HALPERN
United States District Judge

5